Opinion by
Morrison, J.,
This is an appeal by plaintiff from the order of the court below refusing judgment for want of a sufficient affidavit of defense. The plaintiff declared, on book account, for $811.40, with interest thereon from December 9,1906, being the amount due plaintiff for merchandise sold and delivered to the defendants, at their request, on November 18, 1906; said merchandise consisting of a car of assorted fish, ordered by the defendants from the plaintiff and which was duly delivered by the plaintiff to the said defendants, free on board of cars of a railroad company or common carrier at Pekin, state of Illinois. Plaintiff further avers that at the time of the delivery of the said fish to the said defendants, all of the fish were of the land ordered and merchantable in quality and that the prices charged were just and reasonable and worth the amount therein claimed. *628 Then follows a copy of the book account, dated November 28, 1906, for 103 barrels, amounting to $811.40; then follows an averment that the whole amount, with interest thereon, is justly due and owing to the plaintiff from the defendants.
The defendants promptly filed an affidavit of defense in which they denied that the plaintiff, on November 18, 1906, sold and delivered to defendants one car load of fish, to be delivered on board of cars of a railroad or common carrier at Pekin, Illinois. That plaintiff did not deliver to the defendants a car load of assorted fish, free on board of cars at Pekin, in the state of Illinois, as set forth in the statement of plaintiff’s claim; nor is it true that defendants ordered one car load of fish, as set forth in statement of plaintiff’s claim. That defendants ordered eighty-eight barrels at the price of $706.40, to be delivered to them on the cars at Philadelphia. The other fifteen barrels were sold by plaintiff to one Joseph Bikoff, a fish dealer in Philadelphia, for the price of $105, and said fish were to be delivered to the said Bikoff on the cars at Philadelphia, and, for the convenience of the plaintiff, were shipped in the same car in which the fish ordered by defendants were shipped. Defendants further aver that the fish did not reach Philadelphia until December 7, 1906, although, under the agreement between the plaintiff and defendants, the fish ordered by the latter were to be delivered in Philadelphia on Tuesday, December 4, 1906, in order to be on hand for the Wednesday and Thursday market, which days are the regular market fish days for the dealers in Philadelphia, and in the event of fish not reaching the Philadelphia market by Tuesdays, dealers would be compelled to hold them until Wednesday or Thursday of the week following, and that none of the fish mentioned in the statement of plaintiff’s claim, when they reached Philadelphia, were in a condition to be preserved for the market next following their receipt. The affidavit further avers that if the fish had been shipped at the proper time and in the proper manner they should have reached Philadelphia on December 4; and defendants and the said Joseph Bikoff refused to receive the said fish, for the reason they were decayed and unmarketable and unfit for food or use, and were *629 entirely without ice. The affidavit also avers that the above stated facts constitute a just and true defense to the whole of the plaintiff’s claim.
Assuming the facts stated in the affidavit to be true, as we must for present purposes, we think it sets up a complete defense to the plaintiff’s claim and therefore the learned court committed no error in discharging the rule for judgment.
The appeal is dismissed, at the plaintiff’s costs, and the order is affirmed without prejudice to the right of the plaintiff to have his case tried, etc.